STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-17-58

TOWN OF FREEPORT,

Plaintiff

v.

ORDER

ISLAND ROVER FOUNDATION, et al.,

Defendants

Plaintiff–Wendy Paradis, Esq.
Defendant Island Rover and Harold Arndt–
Twin Braden, Esq.
Defendant Falls Point–David Silk, Esq.
Defendant Becker–Jason Theobald, Esq.

This case is an outgrowth of *Town of Freeport v. Island Rover Foundation*, CV-14-28. In that case a consent order was entered on September 2, 2014 directing the Island Rover Foundation (IRF) to perform its obligations under a consent agreement reached with the Town of Freeport to move an 89 or 90-foot steel schooner to a site outside of Freeport or to a conforming site under the Freeport zoning code by September 9, 2016.

The vessel was not moved by the deadline. That led to various proceedings in CV-14-28, including a finding of contempt against the IRF on June 26, 2017. Since then, proceedings in CV-14-28 have apparently stalled, in part because of certain transfers and encumbrances (or what the Town claims are purported transfers and encumbrances) which are the subject of this action.

In its amended complaint in the case at bar, the Town is seeking the following relief: (1) a declaratory judgment that a security interest in the vessel, a later transfer of a 75% ownership interest in the vessel, and a mortgage on certain real property – all granted to defendant Carter Becker – are subordinate to the rights of the Town; and (2) an order setting aside the transfers and encumbrances in question and seeking monetary damages against Becker under the Uniform Fraudulent Transfer Act.

REC'D CUMB CLERKS OFC
JAN 2 '20 AM8:25

Named as defendants in the amended complaint are Becker and the IRF, along with Falls Point Marine, Inc., a company of which defendant Becker is the President and 50% owner, and Harold Arndt, the founder and president of IRF.

Before the court is a motion for summary judgment by all defendants.

Summary Judgment

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. *E.g., Johnson v. McNeil,* 2002 ME 99 ¶ 8, 800 A.2d 702. The facts must be considered in the light most favorable to the non-moving party. *Id.* Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Moreover, in considering a motion for summary judgment, the court must give the nonmoving party the full benefit of all favorable inferences that may be drawn from the evidence. *Curtis v. Porter,* 2001 ME 58 ¶ 9, 784 A.2d 18.

In this case the court has considered the 140-paragraph statement of material facts (SMF) submitted by defendants pursuant to Rule 56(h)(1),[1] the Town's responses thereto, the Town's 36-paragraph statement of additional material facts pursuant to Rule 56(h)(2), the defendants' reply statement of material facts pursuant to Rule 56(h)(3), and a response to certain of defendants' objections submitted by the Town pursuant to Rule 56(i).

Defendants have raised various objections to the Town's responses to the factual assertions in defendant's SMF as unsupported, and a number of those objections are well-taken.

---

[1] Defendants' overlong SMF is an example (although not the worst the court has seen) of what appears to be a strategy of including, not just the facts that the moving party contends are undisputed, but also a more expansive factual narrative designed to cast the moving party's actions in the most sympathetic light. This strategy makes motions for summary judgment vastly more cumbersome and time-consuming and is one of the problems with summary judgment practice. No matter how sympathetic the moving party's actions may be, summary judgment must be denied if there are factual disputes for trial.

However, other objections raised by defendants are hypertechnical at best, and some come close to hair-splitting.[2] Summary judgment practice is technical enough already without adding any additional technicalities or formalism.

On the Town's part, a number of its record citations are inaccurate and its final submission pursuant to Rule 56(i) goes beyond simply responding to the objections raised in defendants' reply SMF and improperly includes a reiteration of its arguments in opposition to summary judgment.

In acting on the motion, the court has disregarded the factual assertions not properly supported and the objections and argument improperly raised.

Operative Facts

The issues with respect to both of the claims in the amended complaint are interrelated. Under the September 2, 2014 Consent Order and the agreements incorporated in that order, IRF was required to move the vessel outside the jurisdiction of the Town or to a location within the Town conforming to the Zoning Code on or before September 9, 2019.

As part of the Consent Order and the incorporated agreements IRF was also required (1) to provide to the mediator, to be held in escrow, a warranty deed transferring the property on which the vessel was located to the Town, along with a declaration of value so the deed could be recorded; and (2) to provide to the mediator, also to be held in escrow, a bill of sale transferring the vessel to the Town. The warranty deed and the bill of sale were to be destroyed if IRF moved the vessel in compliance with the consent order but if not, were to be delivered to the Town.

Carter Becker and his company, defendant Falls Point Marine (FPM), performed a considerable amount of work on the vessel. Although defendants contend that it is undisputed that Becker and FPM were to be paid for all of that work, there is evidence in the record raising a

---

[2]By way of example, defendants object to certain of the Town's responses to specific paragraphs of defendants' SMF because the Town chose to reference some of its prior responses rather than reiterating those responses again.

3

disputed issue of fact as to whether at least some portion of Becker and FPM's work was donated to the IRF for the Island Rover project. There were no written contracts covering any of the work performed by Becker or FPM, and Becker acknowledged there were no repayment terms for the obligations he contends were owed by IRF to himself and to FPM .

In November 2015 a lawyer for Becker informed the Town that Becker was seeking security for labor and materials he had provided and raised the possibility that Arndt, as the president of IRF, could provide Becker with a mortgage on the property where the vessel was being built. The lawyer's letter referenced the consent decree and the deed that had been delivered in escrow and asked whether the Town would consent to such a mortgage.[3] The Town did not consent.

On or about April 25, 2016 Arndt, as president of IRF, signed a document stating that IRF granted a security interest in a schooner "which schooner Island Rover Foundation owns" to Falls Point Marine for labor and materials. On or about June 6, 2016 a UCC-1 financing statement was filed with the Secretary of State.

In September 2016 a bill of sale was signed by Harold Arndt as "owner" transferring the vessel to Carter Becker as the buyer. This document was dated September 5, 2016 and was notarized on September 8, 2016 – one day before the bill of sale to the Town that had been placed in escrow was due to be released to the Town because of IRF's failure to move the vessel.

Finally, although the warranty deed transferring IRF's property to the Town was released when IRF failed to move the vessel in compliance with the Consent Decree, the Town did not record that deed immediately.[4] When the Town finally recorded the deed on December 2, 2016, it learned that Becker had recorded a $250,000 mortgage on the property earlier that same day.

---

[3] Both sides find some support for their arguments in the lawyer's letter. Defendants argue that it demonstrates that Becker expected to be paid for his work; the Town argues that it demonstrates that Becker was aware of the provisions of the Consent Order.

[4] The Town has offered evidence that one reason it did not promptly record the deed was because the accompanying declaration of value was lacking certain information, that it contacted an attorney for IRF to resolve that issue, and that it never heard back.

Declaratory Judgment Sought by the Town in Count One

Contrary to the position taken by defendants, there is a material factual dispute for trial as to the ownership of the vessel. The 2014 Consent Order and incorporated agreements are based on the premise that IRF owned the vessel, and the bill of sale transferring the vessel to the Town of Freeport that was placed into escrow is signed by Harold Arndt as President of IRF. Arndt then signed a document, as president of IRF, granting a security interest in the schooner – expressly described as owned by IRF – to Falls Point Marine. That security interest would be worthless if IRF did not own the vessel.

If IRF owned the vessel, the sale of a 75% interest in the vessel to Carter Becker by Harold Arndt as the purported "owner" would not have any legal effect. In that case the bill of sale to the Town would determine the ownership of the vessel. This remains an issue for trial on the Town's claim for a declaratory judgment.[5]

Defendants argue that the Town's memorandum of law in opposition to summary judgment focuses all of its legal arguments on the fraudulent transfer claim and thereby, according to defendants, concedes that defendants are entitled to summary judgment on the declaratory judgment claim. Where the Town's opposition and its Rule 56(h)(2) statement affirmatively demonstrates that the validity of Arndt's bill of sale to Becker is disputed, the Town has not conceded that issue.

Moreover, defendants are the parties who are moving for summary judgment, and a factual dispute as to the ownership of the vessel is evident from defendants' own submissions. *See, e.g.,* Defendant's SMF ¶ 13 (referencing escrowed bill of sale from **IRF** transferring the vessel to the Town); ¶ 94 (referencing a security interest in the vessel granted by **IRF**); ¶ 107 (referencing bill of sale from **Arndt** as owner). A movant whose own papers do not demonstrate

---

[5] Alternatively, if Arndt owned the vessel all along, then the security interest to FPM and the mortgage to Becker, both granted by IRF, would potentially be called into question because Becker's and FPM's work would then have been performed for Arndt rather than for IRF. *See* 11 M.R.S. § 9-1203 (stating that value must be given for a security interest to be enforceable)

that the movant is entitled to judgment based on undisputed facts is not entitled to summary judgment.

Defendants are correct, however, that the Town has conceded that the warranty deed to certain real property that the Town received from IRF and filed on December 2, 2016 is subordinate, as a matter of real estate law, to the $250,000 mortgage filed by Becker earlier that same day. *See* Defendants' SMF ¶ 119 and Town's response thereto. That concession, however, is subject to the Town claim for relief setting the mortgage aside as a fraudulent transfer.

Town's Fraudulent Transfer Claim in Count Two

Under the Uniform Fraudulent Transfer Act, 14 M.R.S. § 3575(1)(A), a transfer is fraudulent as to a creditor and may be avoided under § 3578(1)(A) if the debtor made the transfer with actual intent to hinder, delay, or defraud any creditor. A fraudulent transfer must be proven by clear and convincing evidence. *Morin v. Dubois,* 1998 ME 160 ¶ 3, 713 A.2d 956.

In this case there is sufficient evidence, based on the timing of the transactions and on defendants' seemingly shifting positions with respect to the ownership of the vessel, from which a trier of fact could find by clear and convincing evidence that all of the disputed transfers and encumbrances in this case were made with actual intent to hinder, delay, or defraud the Town. That is sufficient to establish that there are disputed issues for trial on count two of the Town's amended complaint.

This is particularly true because there is also evidence which raises a disputed issue for trial as to whether Becker, the recipient of two of the transfers and the president of FPM, would qualify as an "insider." Defendants argue that Becker does not meet the statutory definition of insider, but the statutory list of insiders is not exhaustive. *See* 14 M.R.S. § 3572(7) (definition of insider "includes . . . ."); *Huber v. Williams,* 2005 ME 40 ¶ 27 n.5, 869 A.2d 737 ("the statutory definition of 'insider' provides an inclusive, rather than an exclusive list of 'insiders'"). Bankruptcy courts have held that an insider may be any person "whose relationship with the

debtor is sufficiently close so as to subject the relationship to careful scrutiny." *In re Craig Systems Corp.,* 244 B. R. 529, 539 (Bankr. D. Ma. 2000) (collecting cases).

In this case Becker's own affidavit, as well as certain facts raised by the Town, raises a disputed issue of fact as to whether Becker would qualify as an insider. Becker had a multi-year relationship with IRF and Arndt. He provided office space, attended board meetings, and advocated on behalf of IRF before the Town and the court and with neighbors opposed to the launching plan. Neither Becker nor his company ever had a written contract with IRF or Arndt. Becker paid real estate taxes and utility bills and permit fees for IRF. He personally purchased property for the Island Rover launch site, and there is a document in the record which states that the Island Rover Foundation granted Becker complete authority to speak for the IRF.

There are also disputed issues of fact under section 3576(2) of the Uniform Fraudulent Transfer Act, which applies to transfers made to insiders for antecedent debts at a time when the debtor was insolvent and the insider had reasonable cause to believe that the debtor was insolvent. On the issue of whether there is a factual issue for trial as to whether Becker had reasonable cause to believe that IRF was insolvent, the court does not have to look beyond the statement in Becker's affidavit that he made certain payments for IRF because IRF did not have the money to make those payments. Becker Aff. ¶ 36.

Defendants argue that Becker is shielded by 14 M.R.S. § 3579(1), which provides a defense to a transferee who "took in good faith" and for a reasonable equivalent value. For the reasons stated earlier, the court concludes there is a factual dispute for trial as to whether Becker acted in good faith. There is also a factual dispute for trial as to whether, even assuming Becker acted in good faith, the security interests that he and FPM received were for a reasonably equivalent value.

In conclusion, the court is not suggesting that defendants will be unable to prevail at trial on the above issues. With the exception of the one issue that the Town has conceded, however,

defendants have not demonstrated that there are undisputed facts that entitle them to summary judgment.

The entry shall be:

 1. Defendants' motion for summary judgment is granted with respect to plaintiff's declaratory judgment claim relating to whether the Town's deed to certain real property is subordinate, as a matter of real estate law, to defendant Carter Becker's mortgage filed on December 2, 2016.

 2. In all other respects defendants' motion for summary judgment is denied.

 3. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: December __27__, 2019

Thomas D. Warren
Justice, Superior Court

Entered on the Docket: 01/02/20

8